UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ATLANTIC MUTUAL INSURANCE COMPANY,
as subrogee of the consignor and
consignee under Bill of Lading
#605000390 dated December 12, 2001,

                Plaintiff(s),

                04 Civ. 2478 (JES)

    - against -

**MEMORANDUM OPINION**
NAPA TRANSPORTATION, INC.,
**AND ORDER**

                Defendant(s).
----------------------------------------X
**SPRIZZO, D.J.:**

    At issue before the Court are the questions of timing and rate of prejudgment interest to be awarded to plaintiff, Atlantic Mutual Insurance Company ("plaintiff" or "subrogee"), in its judgment against defendant, Napa Transportation, Inc., for the latter's liability under the Carmack Amendment, 49 U.S.C. § 14706. For the reasons set forth below, the Court finds that plaintiff is entitled to prejudgment interest from the expected date of delivery at the rate provided by 28 U.S.C. § 1961.

## BACKGROUND

    On December 12, 2001, bound for Woonsocket, Rhode Island for delivery the next day,[1] defendant's trailer, laden with Johnson & Johnson pharmaceuticals, bandages, and toiletries, caught fire near Easton, Pennsylvania. See Agreed Statement of Facts ("Facts") ¶¶ 9-11; Tr., dated July 18, 2005, at 9, 12. After examining the trailer, Johnson & Johnson determined that the contents were unsalvageable, and therefore ordered the entire shipment to be destroyed. See Pl.'s Trial Br. at 4; Facts ¶ 12. The value of the lost merchandise was $87,245.33, Facts ¶ 14, and on April 15, 2002 that amount was paid to Johnson & Johnson by plaintiff pursuant to

---

[1] Plaintiff has repeatedly indicated that December 12, 2001, the date of loss, is the proper date on which to commence prejudgment interest, see Pl.'s Trial Br. at 1, 8; Pl.'s Supplemental Mem. at 7-9, and plaintiff represented to this Court that the shipment at issue was a one-day shipment and therefore the date of loss also represented the date of expected delivery, see Tr., dated July 18, 2005, at 16; Pl.'s Supplemental Mem. at 7. As explained infra, the date of loss is rarely the proper date on which to commence prejudgment interest, and the bill of lading attached to the Complaint indicates that the expected date of delivery was December 13, 2001, see Compl.

a subrogation agreement, see Pl.'s Supplemental Mem. at 1 n.1, Ex. A.

After making a demand of payment from defendant, Facts ¶ 15; Compl. ¶ 13, plaintiff brought the instant action seeking compensation pursuant to the Carmack Amendment, Compl. ¶ 1. The parties agreed to a Trial on Stipulated Facts, see Order, dated Feb. 15, 2005, and, after the matter was fully briefed, this Court heard Summations on July 18, 2005. At that time the Court made oral findings of fact and conclusions of law and determined that plaintiff was entitled to judgment in the full amount of its claim plus interest. See Tr. at 15-19. The Court ordered the parties to submit a judgment. See id. at 19.

By letter dated September 8, 2005 the parties informed the Court that they were unable to agree on the appropriate amount of prejudgment interest to be included in the judgment. The Court ordered the parties to submit memoranda of law on the issue of prejudgment interest, see Order, dated Sept. 13, 2005, and the parties thereafter submitted simultaneous briefs, see Pl.'s Supplemental Mem., dated Oct. 14, 2005; Def.'s Mem. in Opp'n, dated Oct. 12, 2005.

## DISCUSSION

Unlike in cases before this Court solely on the basis of diversity jurisdiction, wherein the Court's ruling in Erie R.R. v. Tompkins, 304 U.S. 64 (1938), dictates that the issue of prejudgment interest be determined with reference to various state laws, see Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999); St. Clair v. E. Air Lines, Inc., 302 F.2d 477, 480 (2d Cir. 1962), the present action is before the Court on a federal question and therefore federal law governs the issues of appropriateness, timing, and rate of prejudgment interest, see Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071-72 (2d Cir. 1995); Mitsui & Co. v. Am. Exp. Lines, Inc., 636 F.2d 807, 823 (2d Cir. 1981). Despite the applicability of federal law, Congress has seen fit to address none of these issues, and thus all are left to the broad discretion of the district court. See Sec. & Exch. Comm'n v. First Jersey Sec., Inc., 101 F.3d 1450, 1476-77 (2d Cir. 1996); see also City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 194

(1995).

The first issue the Court must address is the appropriateness of awarding prejudgment interest in this case. To that end the Second Circuit has advised district courts to "take into consideration '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.'" Jones v. Unum Life Ins. Co. of Am., 223 F.3d 130, 139 (2d Cir. 2000) (quoting First Jersey Sec., Inc., 101 F.3d at 1476).

This Court is aware of no reason why prejudgment interest would be inappropriate in this action. The awarding of prejudgment interest "ensure[s] that an injured party is fully compensated for its loss," City of Milwaukee, 515 U.S. at 195, by requiring that "[o]ne who has had the use of money owing to another...pay interest from the time payment should have been made," Miller v. Robertson, 266 U.S. 243, 257-58 (1924). Here, the Court has determined that defendant has had use of over $87,000 which rightfully was owed to plaintiff's subrogor as of December 13, 2001. Although the Court is aware that liability under the Carmack Amendment attaches even absent wrongful conduct on the part of defendant, see Project Hope v. M/V Ibn Sina, 250 F.3d 67, 73 n.6 (2d Cir. 2001); Def.'s Mem. in Opp'n at 2-3, it is nonetheless the case that this lack of wrongdoing does not obviate the inequity of having defendant profit from monies which the law has determined rightfully belong to plaintiff, see City of Milwaukee, 515 U.S. at 196-99. Therefore the awarding of prejudgment interest in this case is appropriate.

The next issue to be resolved is the correct date on which prejudgment interest should begin to accrue. The Court has broad discretion in making this determination, see Indep. Bulk Transp., Inc. v. The Vessel "Morania Abaco", 676 F.2d 23, 25 (2d Cir. 1982); Mitsui & Co., 636 F.2d at 823-24, and the parties have suggested two different dates for the Court's consideration. Plaintiff contends that the only relevant date is the date of loss, Pl.'s Supplemental Mem. at 7-9, while defendant argues that use of any date other than that on which plaintiff paid Johnson & Johnson would result in a

3

windfall to plaintiff, Def.'s Mem. in Opp'n at 4.[2]

The Court finds that the most appropriate date for commencement of prejudgment interest in this case is the date of expected delivery.[3] First, the Second Circuit has made clear that the date of loss is generally not an appropriate date on which to begin the calculation since "the plaintiff has not suffered any loss until the time when the goods should have been, but were not, delivered." Mitsui & Co., 636 F.2d at 824. Second, although defendant's argument has a degree of appeal, and some courts have found that the date of the subrogation payment is the proper date to commence prejudgment interest, see Sprague & Rhodes Commodity Corp. v. S.S. Toronto, 1977 AMC 758 (S.D.N.Y.); see also Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc., 325 F.3d 924, 935-37 (7th Cir. 2003), this Court thinks that it improperly benefits defendant and unwisely undermines the status of a subrogee, see, e.g., Mitsui & Co., 636 F.2d at 823-24; Royal Ins. Co. of Am. v. S/S Robert E. Lee, 756 F. Supp. 757, 759, 770 (S.D.N.Y. 1991).

As subrogee, plaintiff "stands in the shoes of" Johnson & Johnson and therefore can collect fully from defendant the amount that was owed to Johnson & Johnson under the subrogation agreement. Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 258, 260 (2d Cir. 1999); Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 106 (2d Cir. 1992). Since Johnson & Johnson would no doubt be entitled to prejudgment interest from the date of expected delivery, it stands to reason that plaintiff should have the same rights as to the full amount of that payment. To find otherwise would be to limit the rights of subrogation that plaintiff inherited upon payment to Johnson &

---

[2] The Court notes that it is not clear that subrogee would get any "windfall" since it may well be that the subrogee would be deemed to hold these funds for the benefit of the subrogor. However, that is a matter between the subrogor and the subrogee, and defendant is in no position to reap the benefit of funds that may well be owing to the subrogor.

[3] In addition, the Court does not agree with plaintiff's use of Second Circuit authority to suggest that use of a later date, for example the date on which plaintiff paid Johnson & Johnson, would be a "'misuse...of discretion.'" Pl.'s Supplemental Mem. at 8 (quoting Mitsui & Co., 636 F.2d at 824). The portion of Mitsui which plaintiff quotes explained that it would be a misuse of discretion to award prejudgment interest from a date before the expected date of delivery of the lost goods. Nowhere does the Mitsui Court intimate that to set a date later than the date of delivery would be a misuse of discretion, and, in fact, other Second Circuit authority explicitly allows it, see Indep. Bulk Transp., Inc., 676 F.2d at 26.

4

Johnson, and, possibly, to limit any rights that the subrogor might retain in those funds. See supra note 2. In addition, if the Court set a later date for the commencement of prejudgment interest, defendant would reap the benefits of over four months of undeserved profits based on the mere fortuity that plaintiff decided to pay Johnson & Johnson's claim and undertake the prosecution of this cause of action. Such a result undermines the policy underlying the awarding of prejudgment interest.

Finally, this Court must decide the applicable rate of prejudgment interest. As with the other issues discussed herein, the appropriate rate of interest is left to the discretion of the district court. See N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.), 266 F.3d 112, 130-31 (2d Cir. 2001).

Plaintiff argues that this Court should apply the New York statutory interest rate of 9%, N.Y. C.P.L.R. 5004; see Pl.'s Supplemental Mem. at 4-7, while defendant contends that the federal post-judgment interest rate, provided for in 28 U.S.C. § 1961, is a more appropriate rate, see Def.'s Mem. in Opp'n at 2, 6.

This Court agrees with defendant. First, as discussed above, this Court is not constrained by the Erie doctrine to apply New York law to this action. In addition, there is no connection to New York which would counsel in favor of applying that rate on a discretionary basis. See Def.'s Mem. in Opp'n at 3-4; Facts ¶¶ 9-11.

Second, although 28 U.S.C. § 1961 does not concern prejudgment interest, a number of courts, persuaded by the proposition that such interest should be calculated with reference to "interest on short-term, risk-free obligations," Indep. Bulk Transp., Inc., 676 F.2d at 27, have applied § 1961 in this situation since it is keyed to the "1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System," 28 U.S.C. § 1961; see, e.g., N.Y. Marine & Gen. Ins. Co., 266 F.3d at 130-31; Chandler v. Bombardier Capital, 44 F.3d 80, 84 (2d Cir. 1994); Shorter v. Hartford Fin. Servs. Group, Inc., No. 3:03cv0149, 2005 U.S. Dist. LEXIS 19902, at *21-28 (D. Conn. May 31, 2005). The monthly yields on those Treasury securities since December 2001 to the present have fluctuated from a low of 1.01% in June 2003, to a high of 4.18% this 2003), vacated on other grounds, 391 F.3d 77 (2d Cir. 2004). If :

5

**APPEARANCES**

AGUS & PARTNERS, P.C.
Attorneys for Plaintiff Atlantic Mutual
Insurance Company
28 West 44th Street, Suite 214
New York, NY 10036

    STEPHEN A. AGUS, ESQ.

        Of Counsel

TELL, CHESER & BREITBART
Attorneys for Defendant Napa Transportation, Inc.
320 Old Country Road, Suite 202
Garden City, NY 11530

    KENNETH R. FEIT, ESQ.

        Of Counsel

past October.[4] When the monthly yields are averaged, the resulting rate is 2.10%. This rate, compounded annually, provides a fair return which more accurately represents the likely return on investment during this period than does the much higher New York statutory rate. See, e.g., Algie v. RCA Global Commc'n, Inc., 891 F. Supp. 875, 899 (S.D.N.Y. 1994).

Finally, although plaintiff makes much of the rate of return realized by defendant's insurer, Chubb Insurance Group, over this period of time, see Pl.'s Supplemental Mem. at 6, this Court finds that this information is completely irrelevant to the issue at hand. That Chubb realized an 8% after-tax gain on over $3 billion in investments has absolutely no bearing on a fair rate of return on $87,000 that takes into account the possibilities of both positive and negative investment results. See, e.g., Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 314 F. Supp. 2d 201, 204-05 (S.D.N.Y. 2003), vacated on other grounds, 391 F.3d 77 (2d Cir. 2004). If Chubb had realized decidedly less positive gains, or even losses, the Court doubts that plaintiff would argue that its recovery should be reduced accordingly.

**CONCLUSION**

Based on the foregoing, plaintiff is entitled to prejudgment interest commencing on December 13, 2001 at the rate of 2.10% compounded annually. The parties shall be and hereby are ordered to submit an appropriate judgment forthwith.

Dated: New York, New York
November 15, 2005

_____
John E. Sprizzo
United States District Judge

---

[4] A listing of these rates can be found at http://www.federalreserve.gov/releases/h15/data/m/tcm1y.txt.

6